SALMON, MICHAEL H., Associate Judge.
This case is presented to us with many interesting points, but because we have determined that a material issue of fact existed making entry of summary final judgment inappropriate, we leave those issues to a later time. A brief overview of the facts is necessary.
The appellants (Pross) contracted with Three “D” Corporation (Builder) to construct a residence for them on “Lot 1, Block 9,” for which they paid the entire purchase price, $224,000.00. They later decided they wanted a different house, one to be built on Lot 3, Block 14. As a result, Pross was released from the contract involving Lot 1, Block 9 (which was sold to someone else), and entered into a contract for the purchase of Lot 3, Block 14. The Builder then obtained a loan from Caribank which encumbered Lot 3, Block 14, and two other lots not involved in this appeal.[1] A question of fact exists as to whether this second contract was given to Caribank before it made its loan,[2] and we conclude that the answer to the question is material. See Holl v. Talcott, 191 So.2d 40 (Fla.1966). The trial court decided the question presumably on the basis that the mortgage of Caribank was recorded prior to the deed to Pross. The effect of knowledge by Cari-bank of the Pross contract, if in fact it had knowledge, was not considered.
Reversed and remanded with directions to vacate the summary final judgment.
ANSTEAD and GLICKSTEIN, JJ., concur.

. The proceeds of this loan may have been partially used to purchase Lot 3, Block 14, and partially to pay for the construction of the house. We do not decide whether this mortgage was a purchase money mortgage, nor what its priority would be if it were.

. According to Mr. Sarlo, president of the Builder, "I gave them (Caribank) a contract with ... Pross’ signature on it ... and that would show their deposit and so forth.” Question: So they (Caribank) were aware of the contract? Answer: "Right.”